IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

ANDREW JOHN YELLOWBEAR, JR., )
)
Petitioner, )
)
v. ) Case No.: 06-CV-82-J
)
WYOMING ATTORNEY GENERAL, and )
FREMONT COUNTY SHERIFF, Jack )
"Skip" Hornecker, )
)
Respondents. )
)

MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION FOR
RELIEF OF THE COURT'S JULY 23, 2009 ORDER (636 F.Supp. 2d 1254)
PURSUANT TO FED.R.CIV.P., RULE 60(b) ET SEQ.

COMES NOW, Petitioner, Andrew John Yellowbear, Jr., appearing pro se, and moves the Court pursuant to Fed.R.Civ.P., Rule 60(b) et seq., issue its order granting him relief from the order denying him relief in Yellowbear v. Wyo. AG., 636 F.Supp. 2d 1254 (D. Wyo. July 23, 2009)("order").

## INTRODUCTION

Mr. Yellowbear argues that the procedural bars errected by AEDPA under 28 U.S.C. §§ 2241, 2244, and 2254 are unconstitutional because they unduly "limited" the scope under which the Court could review his underlying claim which implicates tribal and federal sovereignty interests of the highest order. And he argues, that applying AEDPA's deferential standard of review to exclusive jurisdictional claims, like his, poses seperation-of-powers and other serious constitutional problems.

Accordingly, he respectfully requests the Court to grant his motion for the many reasons set forth below.

## STATEMENT OF FACTS

### Procedural Facts

Mr. Yellowbear is a state Inmate who, on July 23, 2009, this Court denied him relief in his 28 U.S.C. §2254 habeas corpus petition.

Substantive Facts

In denying Mr. Yellowbear habeas relief under 28 U.S.C. § 2254, the Court first outlined the standard of review regarding such petitions:

> "Although Petitioner's underlying challenge presents significant and difficult questions of law and sovereignty, his challenge comes in the form of collateral review, the scope of which is dictated and limited by the AEDPA-amended 28 U.S.C. § 2254(d)(1)." - order at III. STANDARD OF REVIEW IN A 28 U.S.C. § 2254 PETITION.

In the end, the Court stated how it was constrained by the "review permitted" by AEDPA:

> "The Court is sensitive to the history of unequal bargaining and unjust treatment often afforded Indian tribes in their dealings with federal and state governments. This is a consideration that must inform any direct judicial review in cases regarding diminishment. However, this Court is here limited to collateral review of such decisions. Petitioner invites the Court to do what it cannot. The Court cannot determine anew, independently of the Wyoming Supreme Court analysis, whether or not the 1905 Act served to diminish the Reservation and thus served to remove the Indian country status of the 1905 Act [**46] area. After conducting the review permitted, the Court finds that the Wyoming Supreme Court properly took into consideration and applied the law as set forth by the United States Supreme Court and came to a conclusion that is not objectively unreasonable.
>
> Based on the foregoing analysis, the Court grants summary judgment in favor of Respondents. Accordingly, Petitioner's underlying Petition for Relief must be denied." - order at VI. CONCLUSION.

ARGUMENT

Standard of Law

Fed.R.Civ.P., Rule 60(b) vests wide discretion in courts, especially in "extraordinary circumstances". See Buck v. Davis, 137 S. Ct. 759 (2017). According to Rule 60(c) Timing and Effect of the Motion:

> (1) Timing. A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order or the date of the proceeding.

The Supreme Court has ruled that Rule 60(b) motions can go forward if they attack only the integrity of habeas proceedings. See Gonzalez v. Crosby, 545 U.S. 528, 162 L. Ed 2d 480, 125 S.Ct. 2641 and 2645, 2651 (2005), and Ochoa Canales v. Quarterman, 507 F.3d 884, 887 (5th Cir. 2007)(citing Gonzalez). This action presents to the Court such an issue for its consideration.

### AEDPA'S HIGHLY DEFERENTIAL AND RESTRICTIVE BARS ARE UNCONSTITUTIONAL BECAUSE THEY HAVE EFFECTIVELY PROHIBITED THIS COURT FROM FULLY CONSIDERING THE UNDERLYING EXCLUSIVE FEDERAL AND CONSTITUTIONAL CLAIMS

Mr. Yellowbear argues that AEDPA's highly restrictive procedural bars should not effectively eviscerate his claims regarding 18 U.S.C. § 1151 & 18 U.S.C. § 1153. This; because, consideration of claims such as these implicate themselves issues that are interwoven with the Constitution and the sovereignty of this nation as well as that of the many Indian nations.

More specifically, Mr. Yellowbear contends AEDPA does not apply when, as here, a state court in Wyoming denied his challenge to its subject matter jurisdiction. AEDPA deference, he maintains, presupposes the Wyoming state court had jurisdiction to decide a given claim in the first place. Because the question of Indian Country jurisdiction implicates significant tribal and federal sovereignty interests, he further contends that federal courts, unconstrained by AEDPA, must make the final determination over jurisdictional questions like those cited above.

It goes without saying, resolution of unique claims such as these brings into play an entire body of law specific to the development of this nations Indian tribes from the distant past to this day and age. The Indian Cannons of Construction are a good place to start with respect to interpretation and application of not only the above statutes but also the specific Act of Congress at issue. The Indian cannons require courts to interpret such with an eye to how the Indians would have understood them and to resolve all ambiguities in ther favor.

4

Review under AEDPA of claims like those brought by Petitioner, effectively overrule a century or more of cases in which the Supreme Court has applied the Indian Cannons of Construction, Supremacy Clause, Art.I,§8,cl.3; Art. II,§2,cl.2; and Art.IV,§3,cl.2. In the end, it is hard to square the application of AEDPA to the underlying claims. See Kagama v. United States, (1886):

> "These Indians are wards of the nation. They are communities dependant on the United States,--dependant largely for their daily food; dependant for their political rights. They owe no allegiance to the states, and receive from them no protection. Because of local ill feeling, the people of the states where they are found are often their deadliest enemies." at 384-385.

According to the Tenth Circuit this particular question has been asked, several times, but has never been answered and remains an "open" question. See Murphy v. Royal, 875 F.3d 896 (10th Cir.)("Both sides agree Magnan left open the question of whether AEDPA applies to Indian country jurisdictional claims.") See Attachment-1, [citing to one of Yellowbear's appeals at FN 18].

Nevertheless; despite the glaring comments made above regarding AEDPA deference, on Court observed in a different proceeding: "A merits determination <u>was made</u> on Yellowbear's § 2254 petition, and it was affirmed by the Tenth Circuit." - Yellowbear v. Hill, Case No.: 20-CV-218-NDF/Dismissal Order at 9, ¶2 (12-08-20). Petitioner appealed from the above cited order, Yellowbear v. Hill, No.: 20-8071, and attempted to bring the AEDPA deference issue to light. See Attachment's 2, 3, and 4. Afterwhich and noting the importance of the AEDPA deference question in its Fed.R.App.P., Rule 44 notice filed by Mr. Yellowbear's counsel, the U.S. Government by responded in a May, 2021 notice -

informed the parties that it reserved the right to participate in the appeal. The notice also included a statement on the "unpreserved" nature of Mr. Yellowbear's arguments concerning AEDPA: "To the extent Yellowbear does attack AEDPA's constitutionality, that claim appears to be unpreserved because he did not raise it below." See Attachment-5, at 2, ¶1. By the filing of his Rule 60(b) motion, Mr. Yellowbear argues that his AEDPA claims are preserved. Mr. Yellowbear has demonstrated that there was a fatal defect in the integrity of the resolution of his underlying claims, and he asks the Court to grant his motion.

## CONCLUSION

Applying the strictures of AEDPA to Mr. Yellowbear's jurisdictional claims violated his rights under the U.S. Constitution, violated the Seperation-of Powers, and violated every Article, Amendment, and Clause of the U.S. Constitution that deals with exclusive intercourse between Indian nations and the U.S. Government. He argues that such demonstrates a text-book "exceptional circumstance" as required under Rule 60(b) and asks the Court to grant him relief from the order at issue.

## PRAYER FOR RELIEF

For All These Reasons, the Petitioner Andrew John Yellowbear, Jr., respectfully asks and prays that this Honorable Court will find in his favor and grant his rule 60(b) motion for relief as requested herein, or grant him any such other relief the Court may find appropriate under the circumstances.

Respectfully submitted on this 15th Day of May, 2023.

Andrew J. Yellowbear, Jr.
Petitioner, Pro se

We conclude the crime occurred on the Creek Reservation and therefore the Oklahoma courts lacked jurisdiction. This section addresses the law applicable to the jurisdictional issue. We begin with (A) our standard of review and then address (B) the substantive law of Indian country jurisdiction.

## A. *Standard of Review*

The parties disagree over the standard of review that should apply to Mr. Murphy's jurisdictional claim. The State contends AEDPA's deferential standard should apply. Mr. Murphy disagrees and argues we should review his claim de novo. We begin by discussing this disagreement, but we choose not to resolve it [**22] because Mr. Murphy prevails even under AEDPA review. Because we assume the AEDPA standard applies, we then go on to describe it.

### 1. **The Parties' Dispute**

As we discuss in greater detail below, AEDPA generally requires federal habeas courts to defer to state court decisions. Mr. Murphy argues AEDPA does not apply when, as here, a state court denies a defendant's challenge to the state court's subject matter jurisdiction. AEDPA deference, he maintains, "presupposes" the [*912] state court had jurisdiction to decide a given claim in the first place. Aplt. Br. at 26. Because the question of Indian country jurisdiction implicates tribal and federal sovereignty interests, he also contends that federal courts, unconstrained by AEDPA, must make the final determination over the jurisdictional issue. And he argues that applying AEDPA to jurisdictional claims would pose separation-of-powers and other constitutional problems.

The State responds that nothing in AEDPA says subject matter jurisdiction claims should be reviewed de novo. It notes Mr. Murphy has failed to cite a case in support of his view that AEDPA does not apply to jurisdictional questions. It argues Mr. Murphy has waived any argument against [**23] AEDPA's application because he supported the district court's application of AEDPA below. The State also disputes his constitutional arguments.

We need not decide whether this issue is waivable, whether Mr. Murphy has waived it here, or even whether AEDPA is the appropriate standard. We choose to assume





Attachment-1

without deciding that AEDPA applies.

We took this approach in *Magnan v. Trammell, 719 F.3d 1159 (10th Cir. 2013)*. Both sides agree *Magnan* left open the question of whether AEDPA applies to Indian country jurisdictional claims. *Magnan* concerned an Indian defendant whom an Oklahoma state court had sentenced to death. *Id. at 1160-61*. The defendant challenged the state court's jurisdiction. *Id. at 1163*. We assumed without deciding that AEDPA applied and concluded that, even under AEDPA's deferential standard, the OCCA had erred in concluding Oklahoma had jurisdiction over the case. *Id. at 1160-61, 1164*.[18] We held the crime occurred in Indian country, making jurisdiction exclusively federal. We ordered Mr. Magnan released from state custody without resolving the "difficult question" of whether AEDPA constrains federal court review of a state court's jurisdictional ruling regarding Indian country. *Id. at 1164, 1176-77*.[19] As in *Magnan*, we can

assume without deciding that AEDPA applies because Mr. Murphy is entitled [**24] to relief even under that formidable standard of review.

2. **The AEDPA Standard**

We first discuss AEDPA's general framework and then focus on the statute's "contrary to" clause because that provision guides our analysis.

a. *Overview*

"AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow, 571 U.S. 12, 134 S. Ct. 10, 16, 187 L. Ed. 2d 348 (2013)*. When a state court adjudicates a claim on the merits, AEDPA prohibits federal courts from granting habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined [*913] by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts

---

[18] *See also Yellowbear v. Att'y Gen. of Wyo., 380 F. App'x 740, 743 (10th Cir. 2010)* (unpublished) (leaving open the question of whether AEDPA applies and concluding on federal habeas review of state murder case that Wyoming Supreme Court's ruling on Indian reservation issue in favor of state jurisdiction should be affirmed regardless of whether de novo or AEDPA standard applied).

[19] Mr. Magnan was later convicted in federal court of three counts of murder in Indian country. We affirmed his convictions. *See United States v. Magnan,* 863 F.3d 1284, 2017 WL 3082157, at *1, *4 (10th Cir. 2017).

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE TENTH CIRCUIT

**ANDREW JOHN YELLOWBEAR, JR.,**

    **Movant,**

**v.**
                                                                            **NO. 20-8071**

**BRIDGET HILL, Attorney General
of Wyoming,**

    **Respondent.**

### NOTICE OF CHALLENGE TO THE CONSTITUTIONALITY OF
### <u>FEDERAL STATUTES, ONLY AS APPLIED TO APPELLANT'S CASE</u>

Notice, pursuant to Rule 44(a), Federal Rules of Appellate Procedure, is hereby given that Andrew John Yellowbear, Jr., Petitioner/Movant in the above captioned case, challenges, ONLY AS APPLIED, any and all procedural bars erected by 28 U.S.C. §§ 2241, 2244, and 2254.

Mr. Yellowbear set forth in his substantial pleading grounds and authority for his claims as to jurisdiction failure under the Major Crimes Act, 18 U.S.C. §§ 1151-1153, and the inapplicability of the constrictions of 28 U.S.C. Sec, 2254(d) and other habeas finality statutes to a true Rule 60(b)(4) motion challenging the judgment as void for procedural defects, starting with the lack of jurisdiction of the State of Wyoming to try and convict him. Mr. Yellowbear maintains that application of the above-cited finality rules contradicts the provisions and protections of the Major Crimes Act as applied to Mr. Yellowbear, and therefore applying those finality rules to bar his claim of lack of jurisdiction violates his rights to due process guaranteed by the Major Crimes act.

WHEREFORE Mr. Yellowbear provides this notice of an as-applied challenge to the

Attachment-2

above-cited finality rules.

**DATED and SIGNED this 5th day of January, 2021.**

Attorneys for the Movant:

/s/ Ian Sandefer
Ian Sandefer (WSB #6-4334)
Sandefer & Woolsey
Trial Lawyers, L.L.C.
143 North Park Street
Casper, Wyoming 82601
307-232-1977

And

/s/ James Alexander Drummond
James Alexander Drummond
(pending admission *pro hac vice*)
James Drummond Law Firm, PLLC
4214 Engadina Pass
Round Rock, TX 78665-1270
PHONE (405) 818-3851; FAX (512) 243-6865
Email: jim@jimdrummondlaw.com

## CERTIFICATE OF SERVICE

I certify that Respondent was served by ECF filing via email on this 5th day of January, 2021.

/s/ James Alexander Drummond
James Alexander Drummond

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Christopher M. Wolpert
Clerk of Court

January 5, 2021

Jane K. Castro
Chief Deputy Clerk

Jeffrey Rosen
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

Re:   Appeal No. 20-8071, *Yellowbear v. Hill*

Attorney General Rosen:

    It appears this matter may meet the requirements for notification under Federal Rule of Appellate Procedure 44(a) regarding a constitutional challenge to a federal statute. Accordingly, this is to provide notice to the Attorney General under that rule, if required.

    Attached for your information is a copy of Appellant's "Notice of Challenge to the Constitutionality of Federal Statutes." Please let us know if you need anything further in connection with this appeal.

Sincerely,

CHRISTOPHER M. WOLPERT, Clerk

Attachment-3

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

ANDREW JOHN YELLOWBEAR, JR.,

    Movant,

v.                                                        NO. 20-8071

BRIDGET HILL, Attorney General
of Wyoming,

    Respondent.

## AMENDED NOTICE OF CHALLENGE TO THE CONSTITUTIONALITY OF FEDERAL STATUTES, ONLY AS APPLIED TO APPELLANT'S CASE

Notice, pursuant to Rule 44(a), Federal Rules of Appellate Procedure, is hereby given that Andrew John Yellowbear, Jr., Petitioner/Movant in the above captioned case, challenges, ONLY AS APPLIED, any and all procedural bars erected by 28 U.S.C. §§ 2241, 2244, and 2254.

Mr. Yellowbear set forth in his substantial pleading grounds and authority for his claims as to jurisdiction failure under the Major Crimes Act, 18 U.S.C. §§ 1151-1153, and the inapplicability of the constrictions of 28 U.S.C. Sec, 2254(d) and other habeas finality statutes The Anti-Terrorism and Effective Death Penalty Act- AEDPA) to a true Rule 60(b)(4) motion challenging the judgment as void for procedural defects, starting with the lack of jurisdiction of the State of Wyoming to try and convict him. Mr. Yellowbear maintains that application of the above-cited finality rules contradicts the provisions and protections of the Major Crimes Act as applied to Mr. Yellowbear, and therefore applying those finality rules to bar his claim of lack of jurisdiction violates his rights to due process guaranteed by the Major Crimes act. In short, there is a statutory conflict between AEDPA and the Manor Crimes Act, and sovereignty and other

<u>Attachment-4</u>

considerations demand the AEDPA not be a factor in any decision by the federal courts in this matter,.

WHEREFORE Mr. Yellowbear provides this notice of an as-applied challenge to the above-cited finality rules.

**DATED and SIGNED this 11th day of March, 2021.**

Attorneys for the Movant:

/s/ Ian Sandefer
Ian Sandefer (WSB #6-4334)
Sandefer & Woolsey
Trial Lawyers, L.L.C.
143 North Park Street
Casper, Wyoming 82601
307-232-1977

And

/s/ James Alexander Drummond
James Alexander Drummond
(pending admission *pro hac vice*)
James Drummond Law Firm, PLLC
4214 Engadina Pass
Round Rock, TX 78665-1270
PHONE (405) 818-3851; FAX (512) 243-6865
Email: jim@jimdrummondlaw.com

## CERTIFICATE OF SERVICE

I certify that Respondent was served by ECF filing via email on this 11th day of March, 2021.

/s/ James Alexander Drummond
James Alexander Drummond

**U.S. Department of Justice**

Criminal Division

*Appellate Section*   Washington, D.C. 20530

May 21, 2021

Hon. Christopher M. Wolpert, Clerk
United States Court of Appeals for the Tenth Circuit
Byron White United States Courthouse
1823 Stout Street
Denver, CO 80257

    Re:   *Yellowbear v. Hill*, No. 20-8071

Dear Mr. Wolpert:

    The above-captioned case involves an appeal by a state prisoner, Andrew John Yellowbear, Jr., who originally sought relief under 28 U.S.C. § 2254 and now seeks to appeal from the denial of a motion under Federal Rule of Civil Procedure 60 that the district court construed as an unauthorized second or successive § 2254 petition.

    In March 2021, Yellowbear filed an amended notice under Federal Rule of Appellate Procedure 44(a), indicating his intent to argue that the "procedural bars erected by 28 U.S.C. §§ 2241, 2244, and 2254" are unconstitutional as applied to him. The United States is not a party to this appeal, but 28 U.S.C. § 2403(a) gives the United States the right to intervene in any case "wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question." Federal Rule of Appellate Procedure 29(a)(2) also gives the United States the right to "file an amicus brief without the consent of the parties or leave of court."

    In his opening brief, Yellowbear does not appear to directly challenge the constitutionality of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Instead, he appears, at most, to make a constitutional avoidance argument, contending that AEDPA deference should not be applied to his claims under the Major Crimes Act, 18 U.S.C. § 1153, in order to avoid serious constitutional questions. *See* Opening Br. 21-24. To the extent Yellowbear does

<u>Attachment-5</u>

attack AEDPA's constitutionality, that claim appears to be unpreserved because he did not raise it below.

Based on the limited nature of Yellowbear's constitutional arguments, the United States does not believe that intervention or amicus participation is warranted at this time. The United States reserves the right to participate at some later point if AEDPA's constitutionality is actually drawn into question.

Respectfully submitted,

s/William A. Glaser
WILLIAM A. GLASER
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Ste. 1264
Washington, DC 20530
(202) 532-4495
William.Glaser@usdoj.gov