KRISTINE D. RUDE, WSB #8-6806
Assistant Attorney General
Office of the Attorney General
109 State Capitol
Cheyenne, WY  82002
Telephone (307) 777-7977
kristine.rude@wyo.gov

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ANDREW JOHN YELLOWBEAR, JR.,    )<br>                                                           )<br>                        Petitioner,          )<br>                                                           )<br>            vs.                                         )<br>                                                           )<br>FREMONT COUNTY SHERIFF,       )<br>Ryan Lee, and the                             )<br>WYOMING ATTORNEY GENERAL, )<br>Bridget Hill,                                       )<br>                                                           )<br>                        Respondents.       ) | Case No. 06-cv-82-J |

## RESPONSE TO PETITIONER'S MOTION FOR RELIEF FROM ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)

Respondents Fremont County Sheriff, currently Ryan Lee, and the Wyoming Attorney General, by and through the Wyoming Attorney General's Office, submit this response to Petitioner's Motion for Relief from Order Pursuant to Federal Rule of Civil Procedure Rule 60(b). In support of their response, Respondents submit the following:

**II.    Background**

1.      Andrew Yellowbear, Jr. was originally convicted in Wyoming state court in 2006 for the murder of his daughter. In his direct state appeal, Yellowbear challenged the jurisdiction of the state court, asserting the crime occurred in Indian Country and the federal courts, therefore, had exclusive jurisdiction. The Wyoming Supreme Court affirmed Yellowbear's conviction, finding that the crime had not been committed in Indian County. *Yellowbear v. State*, 174 P.3d 1270 (Wyo. 2008). There is no record of Yellowbear appealing the state decision to the United States Supreme Court.

2.      Yellowbear sought habeas corpus relief in federal district court both prior to conviction and following exhaustion of his state claim. In 2009, this Court denied his § 2254 petition, which was based solely on a claim that the state court lacked jurisdiction. *Yellowbear v. Wyo. Attorney General*, 636 F. Supp. 2d 1254 (D. Wyo. 2009), *aff'd by Yellowbear v. Atty. Gen. of Wyo.* 380 Fed. App'x 740 (10th Cir. 2010), *cert. den. Yellowbear v. Salzburg*, 562 U.S. 1228 (2011). Yellowbear subsequently filed three motions requesting relief from the denial of his claim pursuant to Federal Rule of Civil Procedure 60(b), all of which were denied or dismissed. *See Yellowbear v. Michael*, 570 F. App'x 798, 799 (10th Cir. 2014); *Yellowbear v. Hill*, 859 F. App'x 295, 299 (10th Cir. 2021); *Yellowbear v. Hill*, No. 22-8014, 2022 WL 1670979, at *1 (10th Cir. May 26, 2022).

3.      In this Rule 60(b) motion Yellowbear again asks this Court to "grant him relief" from the 2009 order denying his § 2254 petition. [ECF 225 at 1].  He asserts AEDPA "procedural bars" unconstitutionally limited the scope of review of his original claim. [*Id.*].

2

Further, he argues applying AEDPA standards of review to jurisdictional claims violates the separation of powers clause and poses "other serious constitutional problems." [*Id.*].

## II. Discussion

### A. This Court does not have jurisdiction under § 2244(b) to address Yellowbear's motion because his claims are second or successive.

` 4. While couched as a Rule 60(b) motion for relief from judgement, Yellowbear's filing is substantively a second petition. [ECF 225]. He does not challenge a procedural ruling, but instead seeks to fine tune the arguments he made to support his original claim that the state court did not have jurisdiction in his criminal case. [*See generally id.*].

5. A Rule 60(b) motion is considered a second or successive habeas petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006). Conversely, a motion will be treated as a valid Rule 60(b) motion if it challenges either a procedural ruling that precluded a merits determination or a "defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1216 (*citing Gonzalez v. Crosby*, 545 U.S. 524 (2005)). "A motion 'seek[ing] vindication of' a habeas claim by challenging the habeas court's previous ruling on the merits of that claim" is a successive petition. *Id.* (quotation marks and alteration in original). "Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction-even claims

3

couched in the language of a true Rule 60(b) motion-circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez*, 545 U.S. at 531.

6. Yellowbear captions his request as a Rule 60(b) motion, but, in substance, he simply is seeking to challenge the merits disposition of his claim that the state court erred when it determined state courts had jurisdiction in his case. In his original habeas petition, Yellowbear argued AEDPA's deferential standards of review should not be applied to his jurisdictional claim and, instead, his claim should be reviewed de novo. *Yellowbear,* 380 Fed. App'x at 741-42. This Court rejected Yellowbear's contention and reviewed his petition, on the merits, using the AECPA deferential standards. *Id.* On appeal, the Tenth Circuit also considered the appropriate standard of review and determined Yellowbear could not prevail regardless of whether the state court's decision was reviewed de novo or using AEDPA standards. *Id.* at 743.

7. Yellowbear has since repeatedly made the same argument regarding the appropriate standard of review in different guises. His current motion mirrors in substance the arguments made in his 2018 Rule 60(b) request. (*Yellowbear v. Hill*, No. 20-CV-00218, (D. Wyo. December 8, 2020)). Specifically, in his 2018 request, Yellowbear argued the wrong standard of review had been used in reviewing his original § 2254 petition. [*Id.*, ECF 1 at 14-25]. In his initial brief supporting his 2018 motion, Yellowbear extensively and specifically argued it was unconstitutional to apply AEDPA standards of review to a § 2254 claim based on jurisdiction in Indian Country. [*Id.*]. He then requested de novo

4

review of his original habeas petition and an order vacating his state court judgement. [*Id.* at 51].

8. Similarly, Yellowbear now is asking this Court to grant relief from the original denial of his habeas petition. [ECF 226 at 1]. "A Rule 60(b) motion is actually a second-or-successive petition if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding." *In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012). Here, the only way Yellowbear could succeed in his motion would be for this Court to find that both the original habeas court and the Tenth Circuit erred in deciding his case on the merits. Therefore, as both this Court and the Tenth Circuit found in the instance of Yellowbear's 2018 Rule 60(b) motion, Yellowbear's current motion substantively makes a second or successive claim. *Yellowbear*, 859 F. App'x 295 (10th Cir. 2021).

9. Before filing a second or successive claim, a prisoner must first obtain authorization from the appropriate court of appeals authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A). Where a prisoner has not obtained such authorization, this Court lacks jurisdiction. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). There is no evidence Yellowbear sought such authorization. [See generally ECF 226]. Therefore, this Court should dismiss his successive petition for lack of jurisdiction.

**B.     Yellowbear is not entitled to have the judgement against him reopened under Rule 60(b).**

10.     If this Court finds Yellowbear has submitted a true Rule 60(b) motion, his motion should be denied on the merits because there are no exceptional circumstances that would justify the relief he requests. Yellowbear cites Rule 60(b), broadly, but does not specify which of the rule's six subsection he believes supports his motion. [ECF 226 2-3]. His does indicates Rule 60(b) gives courts wide discretion "especially in 'extraordinary circumstances.'" [*Id.* at 2-3]. Therefore, it appears he is relying on Rule 60(b)(6).

11.     The language of Rule 60(b)(6) is broad and "gives the court a grand reservoir of equitable power to do justice in a particular case." *In re Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996) (quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975)). Despite that broad discretion, "a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores*, 98 F.3d 572, 579 (10th Cir. 1996). Such circumstances "will rarely occur in the habeas context" and they do not exist here. *Gonzalez*, 545 U.S. at 535. Rule 60(b) motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments[ ] or supporting facts [that] were available at the time of the original motion." *Bird v. Pacheco*, 809 F. App'x 512, 514–15 (10th Cir. 2020) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)) (quotations and alterations in original).

12. Yellowbear previously directly attacked the use of AEDPA standards of review in his case. As discussed above, the issue was addressed in the original habeas court's denial of his petition, and the direct appeal from that denial. *Yellowbear,* 380 Fed. App'x at 740. He then repeatedly attempted to relitigate the denial by filing a variety of motions, most of which argued the state court's jurisdictional ruling should have been reviewed de novo. *See Yellowbear*, 570 F. App'x 798; *Yellowbear*, 859 F. App'x 295; *Yellowbear*, No. 22-8014, 2022 WL 1670979. In support of his current motion, Yellowbear cites to a letter from the Department of Justice, responding to notice of the appeal of his 2018 Rule 60(b) motion. [ECF 226 at 4-5]. The letter indicates the Department did not intend to intervene in Yellowbear's appeal because of "the limited nature of Yellowbear's constitutional arguments." [*Id.* at 13-14]. It appears Yellowbear is now attempting to bolster his constitutional arguments. [*Id.* at 5]. This clearly constitutes merely an attempt to advance arguments available to Yellowbear at all times since he filed his original habeas petition.

13. Additionally, to justify the extraordinary relief of Rule 60(b)(6), Yellowbear does not indicate there are reasons outside his own decision-making authority for the manner in which he previously chose to assert his standard of review claim. *See generally Ackermann v. U.S.*, 340 U.S. 193 (1950). Further, Yellowbear not only argued this claim in his original petition, he raised it on appeal. Thus, he does not show that any injustice would arise from not allowing him to address the issue again. *See Buck v. Davis*, 580 U.S. 100, 123 (2017) (discussing racial discrimination as a basis for finding injustice).

14. Finally, although there is no specific time standard for making a Rule 60(b)(6) motion, a petitioner must file within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Yellowbear does not meet this standard. First, he has been litigating the proper standard of review in his habeas case since he filed his original petition in 2009. *Yellowbear*, 636 F. Supp. 2d 1254 (D. Wyo. 2009). Second, he supports his motion by reference to a letter dated May 21, 2021, but does not explain why this motion was filed almost two years later. *See Davis v. Warden, Fed. Transfer Ctr., Oklahoma City*, 259 F. App'x 92, 94 (10th Cir. 2007) (discussing a three-year unexplained delay in filing a motion).

15. Yellowbear does not show extraordinary circumstances and he did not file his motion within a reasonable time. Therefore, he has failed to demonstrate that he is entitled to relief from this Court's order in his original habeas case under Federal Rule of Civil Procedure 60(b)(6).

WHEREFORE, Respondents respectfully request that Yellowbear's Motion for Relief be DISMISSED as a second or successive motion or, in the alternative, DENIED because he does not satisfy the requirements of Rule 60(b)(6).

DATED this 5th day of June 2023.

/s/Kristine D. Rude
Kristine D. Rude
Assistant Attorney General
Wyoming State Bar # 8-6806
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming  82002
(307) 777-7977

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June 2023, the foregoing REPLY TO PETITIONER'S MOTION FOR RELIEF FROM ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) was filed by E-filing via the United States District Court's Electronic Case Filing System, and served via first-class mail addressed to the following individual:

> Andrew J. Yellowbear, Jr.
> #3021327
> Montana State Prison
> 700 Conley Lake Road
> Deer Lodge, MT 59722

>> /s/Kristine D. Rude
>> Kristine D. Rude, WSB # 8-6806
>> Assistant Attorney General