FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2023 JUN 20 PM 1:47

MARGARET BOTKINS, CLERK
CASPER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ANDREW JOHN YELLOWBEAR, JR., <br><br>Petitioner, <br><br>v. <br><br>FREMONT COUNTY SHERIFF, Ryan Lee, and the WYOMING ATTORNEY GENERAL, Bridget Hill, <br><br>Respondents. | Case No.: 06-CV-82-ABJ |

### REPLY TO RESPONSE TO PETITIONER'S MOTION FOR RELIEF FROM ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)

Petitioner, Andrew John Yellowbear, Jr., appearing Pro se, and hereby respectfully submits his reply to the respondents June 5, 2023 "Response To Petitioner's Motion For Relief From Order Pursuant To Federal Rule Of Civil Procedure 60(b)" (hereafter: "Response"). The Respondents expend many pages with standard boilerplate argument regarding their proposition that this action is a run-of-the-mill attempt at a successive §2254 petition; all the while, failing to address the important constitutional challenge to the AEDPA set forth in the Petitioners pleadings. Note, although a timely notice has been made to the United States pursuant to Fed.R.Civ.P., Rule 5.1, no response has been been made. For these reasons, Petitioner files this reply and asks the Court to grant his motion. As good cause; Petitioner, avers as follows:

### I. ARGUMENT

**A. NOTWITHSTANDING THE UNCONSTITUTIONAL PROHIBITION §2244(b) PLACES ON THE PETITIONER'S MOTION, THE COURT DOES HAVE JURISDICTION TO HERE HIS CLAIMS UNDER ITS BULWARK FUNCTION**

Though fidelity cannot be legislated, Federal Courts have an unflagging duty to exercise their jurisdiction in cases that involve Indian issues, this is so whenever tribal sovereignty, Indian treaty rights, tribal property, or the human rights of Native Americans are at stake. See United States v. Adair, 723 F.2d 1394, 1401 n. 3 (9th Cir. 1984)(citing cases). Under this line of cases, and the underlying claims of the Petitioner, it is hard to imagine what if any place AEDPA should have in the adjudication of Indian reservation diminishment/disestablishment cases. Most of which, come to the courts in state court jurisdiction challenges like the Petitioners. Such state weaponization of AEDPA, should not be allowed to continue.

At the end of the day, this action presents a long-standing contest between federal statutes, in which all federal courts will or have been confroted with. On the one hand; we have the AEDPA, which by its very terms operates to place a nearly unchallengeable barrier between petitioners §2254 review and the courts. On the other, are Act's of the U.S. Congress, federal statutes, and treaties between the Tribes and the United States all of which deserve a solemn notion of respect. Who wins, in such a Constitutional gambit? Mr. Yellowbear argues the latter. See Montana v. Blackfeet Tribe of Indians, 471 U.S. 759, 766 (1985). Two circuit court's of appeal have held that the cannon of sympathetic construction also overcome the rule of deference to an administrative agency's interpretation of a statute that it administers--a rule that is something more than a mere interpretive aid. See Ramah Navajo Chapter v. Lujan, 112 F.3d 1455 (10th Cir. 1997); Albuquerque Indian Rights v. Lujan, 930 F.2d 49, 59 (D.C. Cir. 1991).

In describing the issues that the Petitioner brought on appeal from the Wyoming Supreme Court, the Court used the term treaty: "The present Petition challenges Petitioner's custody as being in violation of a treaty and subsequent law of the United States." If the claims the Petitioner brings can be stated as being violations of a treaty, then the Petitioner asks this Court to vindicate his rights pursuant to the treaty. One District Court Judge in South Dakota, recently held the United States still owed a duty to the Oglala Sioux Tribe to provide them with meaningful law enforcement services via a treaty. See Oglala Sioux Tribe v. United States, 2023 U.S. Dist. LEXIS 92717 (D. S.D. 5/23/23) (stating: "This Court concludes that the United States has a treaty duty unique to the Tribe to provide protection and law enforcement cooperation and support on the Reservation.").

Respondents have little say about any of that, instead drawing immaterial distinctions between the substantive arguments made by the Petitioner now as opposed to those made by him in different proceedings. Accordingly, the Court should grant his motion.

### B. PETITIONER'S RULE 60(b) MOTION IS A "TRUE" CONSTITUTIONAL CHALLENGE TO THE "PROCEDURAL" STANDARD OF REVIEW, I.E., THE AEDPA, WHICH WAS USED TO ADJUDICATE HIS §2254 PETITION

The respondents use pages 3-5 of their 9 page Response trying to make this action what it is not, a successive habeas petition. Rule 60(b) motions are not to be treated as a second or successive habeas petition if the motion does not assert, or reassert, claims of error in a state conviction.

The Petitioner has made no such claims of error to his state court conviction, and instead makes a straightforward constitutional challenge,

3

using a federal rule designed to facilitate such claims, i.e., Rule 60(b), in order to do so.

Respondents make much of the fact that the Petitioner has always maintained that AEDPA should never have been used to decide his post-state §2254 claims. What the Respondents neglect to recite is that in none of the previous proceedings was there ever a straightforward constitutional challenge to AEDPA like the one now before the Court. Indeed, no previous notice under Fed.R.Civ.P. Rule 5.1 has ever been filed in this Court, nor has the United States ever weighed in on his arguments regarding AEDPA's unconstitutionality. The U.S. Department of Justice states as much in its F.R.A.P. 44(a) response attached to the Petitioners motion as **Attachment-5, at 2**. Lastly, neither the Northern Arpaho Tribe or the Eastern Shoshone Tribe, both of which moved to intervene early on in this, ever filed pleadings on the Petitioners AEDPA challenge. Thes are distinctions with a difference.

Amazingly, the Respondents argue that were this Court to rule in my favor, it would be finding that "both the original habeas court and the Tenth Circuit erred in deciding his case on the merits," Response, at 5, # 9. Given the <u>explicit language</u> used by the "original habeas court" in describing the constraints placed on it by AEDPA in reviewing Petitioners underlying claims, it is hard to imagine how or why the Respondents continue to think that there was ever a "merits" decision reached in this case. Memorandum, at 2, "Substantive Facts".

Contrary to the Respondents assertions, this is precisely the sort of case that the U.S. Supreme Court in, Gonzalez v. Crosby, 545 U.S. 528, 162 L.Ed

4

2d 480, 125 S.Ct. 2641 (2005), held was allowed under Rule 60(b).

Accordingly, the Court should grant the Petitioner's motion.

## II. CONCLUSION

The Petitioner has demonstrated the many perils AEDPA plays against claims regarding Native American and federal sovereignty interests, like the resolution of reservation diminishment/disestablishment questions. States must not be allowed to terminate them using, as a fiat, AEDPA deference to their judicial orders. Such an unconstitutional outcome like this could not have been thought about as being a consequence of the promulgation of the AEDPA. Even so, to this day, there are Native Americans and Tribes faced with having to deal with this unjust consequence. This Court has the authority to write such a wrong, and the Petitioner requests nothing less.

## FED.R.CIV.P. 5.1 NOTICE

In accordance with the Tenth Circuit in, Okla. ex rel. Edmondson, 516 F.3d 1214, 2008 U.S. App. LEXIS 4154 (10th Cir. 2008), the Petitioner has complied with Rule 5.1 and reserves the right to respond to any responsive pleading the United States may file in this action.

## III. PRAYER FOR RELIEF

**For all** of these reasons, Petitioner, Andrew John Yellowbear, Jr., Repectfully requests and prays that this Honorable Court will grant his motion and order the relief requested; or grant him any such other relief the Court finds appropriate under the circumstance.

Respectfully Submitted on the 11th day of June, 2023.

*[signature]*
Andrew J. Yellowbear, Jr.

5

## CERTIFICATE OF SERVICE

## AND INVOCATION OF THE PRISON MAILBOX RULE 3(d) OF THE RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS

Pursuant to 28 U.S.C. § 1746, I Andrew John Yellowbear, Jr., hereby attest that I placed a true and correct copy of the foregoing pleading in the Montana State Prison institutional mail system for service, via First-Class U.S. Mail, postage pre-paid, on the following person or entity:

Clerk, U.S. District Court of Wyoming
111 South Wolcott, Suite 121
Casper, WY 82601

DONE, this 11th day, of June, 2023

/s/ Andrew J. Yellowbear, Jr.

Andrew J. Yellowbear, Jr., A.O.#3021327
Montana State Prison
700 Conley Lake Road
Deer Lodge, MT 59722

June 11, 2023

Via First-Class U.S. Mail
Clerk, U.S. District Court of Wyoming
111 South Wolcott, Suite 121
Casper, WY 82601

    Re: Yellowbear v. Wyo. Atty. Gen., et al., Case No.: 06-CV-82-ABJ/Submission
        Of Pleadings

Dear Hon. Clerk:

Enclosed please find pleadings that I wish to submit to the Court for its consideration in the above-entitled action. Thank you for your time, patience, and above all attention to this important matter.

                                        Andrew J. Yellowbear, Jr.
                                        Petitioner, Pro se